O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Laneice Whatley-Bonner,

Plaintiff,

vs.

Pacific Telesis Group Comprehensive Disability Benefit Plan,

Defendant.

CV 10-8027 RSWL (JCGx)

**ORDER** Re: Defendant's Motion for Summary Judgment [23] and Motion to Strike [39]

On November 29, 2011, Defendant Pacific Telesis Group Comprehensive Disability Benefit Plan's ("Defendant") Motion to Strike [39] and Motion for Summary Judgment [23] came on for regular calendar before the Court. The Court having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS:**

Defendant's Motion to Strike is **GRANTED** in part and **DENIED** in part. Defendant's Motion for Summary

Judgment is **GRANTED**.

**I. BACKGROUND**

Plaintiff Laneice Whatley-Bonner ("Plaintiff") was employed by AT&T for approximately ten years as a service representative. In March of 2009, Plaintiff experienced a sudden bilateral hearing loss and went on leave from her job. She then had surgery for a cochlear implant, which partially restored her hearing, but Plaintiff was still unable to communicate effectively on a telephone and thus could not return to her former position as a service representative. Therefore, Plaintiff was approved for the maximum allowable short-term disability benefits. At the conclusion of Plaintiff's short-term disability, Plaintiff applied for long-term disability benefits as her doctors agreed that she could not return to her former service representative position because she did not have the hearing capabilities to communicate on the phone.

AT&T delegated discretion to a third-party claims administrator, Sedgwick, to determine whether Plaintiff qualified for long-term disability benefits. The standard used to determine whether an employee qualified for long-term disability was whether the employee suffered from a condition that prevented him or her "from engaging in any occupation or employment which you are qualified or may reasonably be qualified, based on training, education, or experience." Sedgwick

determined that Plaintiff was ineligible for long-term disability benefits because Plaintiff was physically able to engage in employment that did not require extensive telephone communication. Plaintiff filed an administrative appeal of this decision with the plan administrator, but it was rejected.

On October 25, 2010, pursuant to the Employee Retirement Income Security Act ("ERISA"), Plaintiff filed her Complaint [1] against Defendant seeking payment of long-term disability benefits. Defendant filed an Answer [5] on November 24, 2010, and subsequently filed the present Motion for Summary Judgment on September 29, 2011.

## II. LEGAL STANDARD

### 1. Motion to Strike

Under Rule 12(f) of the Federal Rules of Civil Procedure, the Court may, by motion or on its own initiative, strike any "redundant, immaterial, impertinent or scandalous" matters from the pleadings. The purpose of Rule 12(f) is "to avoid the expenditure of time and money that must arise from litigating spurious issues by disposing of those issues prior to trial." Sidney-Vinstein v. A.H. Robbins Co., 697 F.2d 880, 885 (9th Cir. 1983).

The grounds for a motion to strike must appear on the face of the pleading under attack. See Dah Chong Hong, Ltd v. Silk Greenhouse Flowers, Inc., 719 F. Supp. 1072, 1073 (M.D. Fla. 1989). In addition, the

Court must view the pleading under attack in the light more favorable to the pleader when ruling upon a motion to strike. See California v. United States, 512 F. Supp. 36, 39 (N.D. Cal. 1981). As a rule, motions to strike are regarded with disfavor and are generally denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. See Colaprico v. Sun Microsystems, Inc., 758 F. Supp. 1335, 1339 (N.D. Cal. 1991); Naton v. Bank of California, 72 F.R.D. 550, 551 (N.D. Cal. 1976); C. Wright & A. Miller, Federal Practice and Procedure § 1382, at 683-90 (1990).

**2. Motion for Summary Judgment Under Rule 56**

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue is one in which the evidence is such that a reasonable fact-finder could return a verdict for the non-moving party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). The evidence, and any inferences based on underlying facts, must be viewed in a light most favorable to the opposing party. Diaz v. American Tel. & Tel., 752 F.2d 1356, 1358 n.1 (9th Cir. 1985).

Where the moving party does not have the burden of proof at trial on a dispositive issue, the moving party may meet its burden for summary judgment by showing an "absence of evidence" to support the non-moving party's

case. Celotex v. Catrett, 477 U.S. 317, 325 (1986).

The non-moving party, on the other hand, is required by Fed. R. Civ. P. 56(c) to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. Id. at 324. Conclusory allegations unsupported by factual allegations, however, are insufficient to create a triable issue of fact so as to preclude summary judgment. Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993)(citing Marks v. Dept. of Justice, 578 F.2d 261, 263 (9th Cir. 1978)). A non-moving party who has the burden of proof at trial must present enough evidence that a "fair-minded jury could return a verdict for the [opposing party] on the evidence presented." Anderson, 477 U.S. at 255.

The moving party has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial. In fact, the moving party need not produce any evidence at all on those matters. Celotex, 477 U.S. at 325.

**3. ERISA Standard of Review - Benefit Claim Denials**

In Section 502(a)(1)(B), ERISA provides a private right of action to recover benefits due to plan participants. The standard of review for a denial of benefits is "abuse of discretion" if the plan administrator is given discretion under the ERISA plan to determine eligibility for benefits. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). The

plan must unambiguously confer such discretion in order to trigger the abuse of discretion standard. Sandy v. Reliance Standard Life Ins. Co., 222 F.3d 1202, 1204 (9th Cir. 2000). If the plan administrator is *not* given such discretion, the denial of benefits is reviewed *de novo*. Firestone, 489 U.S. at 115. Additionally, if the benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict will be one factor to be weighed in determining whether there has been an abuse of discretion. Id.

The Court's review is limited to considering the record before the administrator at the time the decision was made. Snow v. Standard Ins. Co., 87 F.3d 327, 332 (9th Cir. 1996). Factual determinations that are clearly erroneous constitute an abuse of discretion, though review under the "clearly erroneous" standard is significantly deferential. Id. at 331. The mere fact that the administrator's decision is directly contrary to some evidence in the record does not show that the decision is clearly erroneous, nor is it clear error where there is relevant evidence that might reasonably lead to differing conclusions. Id.

When an abuse of discretion standard is applied to a decision denying benefits and the Court is limited to a review of the administrative record, "a motion for summary judgment is merely the conduit to bring the legal question before the district court and the usual

tests of summary judgment, such as whether a genuine dispute of material fact exists, do not apply.” Bendixen v. Standard Ins. Co., 185 F.3d 939, 942 (9th Cir. 1999); see also Nolan v. Heald College, 551 F.3d 1148, 1154 (9th Cir. 2009) (limiting Bendixen’s holding to cases where the district court’s review was limited to the administrative record and the claimant was not entitled to a jury trial).

## III. ANALYSIS

### 1. Motion to Strike

The Court **GRANTS** in part and **DENIES** in part Defendant’s Motion to Strike. The Ninth Circuit has held that memos and letters are not authenticated if the offering party fails to provide an affidavit or deposition testimony from the author. Orr v. Bank of America, NT & SA, 285 F.3d 764, 777-78 (9th Cir. 2002). Accordingly, the Court hereby strikes Exhibits C and D to Plaintiff’s Declaration as they have not been authenticated.

Conversely, the Court finds that Exhibit B to Plaintiff’s Declaration and all Brehm Declaration Exhibits were properly authenticated and are admissible in order to rectify the minor procedural irregularity in the administrative appeal. Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 973 (9th Cir. 2006).

### 2. Motion for Summary Judgment

The Court **GRANTS** Defendant’s Motion for Summary Judgment. The Court finds that an abuse of discretion

standard is appropriate for review of the decision to deny Plaintiff's long-term disability benefits. If a plan administrator is given discretion under the ERISA plan to determine eligibility for benefits, abuse of discretion is appropriate. Firestone, 489 U.S. at 115. The Parties dispute which benefit plan is controlling in determining Plaintiff's eligibility for long-term disability, but the Court finds that this dispute is irrelevant as both plans grant discretion to the plan administrator to make eligibility determinations.

Specifically, paragraph 11.4 of the Pacific Telesis Group Comprehensive Disability Benefits Plan states: "The Long Term Disability Claim Review Administrator shall have the power and discretion to resolve all factual issues presented in a request for review in a reasonable manner." (AR 0026). Plaintiff does not dispute that the AT&T West Disability Benefits Program grants discretion to a plan or claims administrator. It is also clear from the text of the AT&T West Disability Benefits Program that the Claims Administrator has discretion to determine eligibility. Page 18 of the Plan Summary states: "Only the Claims Administrator has the discretion to determine whether you have a disability that qualifies you for Long-Term Disability Benefits under the Program." (AR 0125). Therefore, it is clear that an abuse of discretion standard is the appropriate standard of review here.

In addition, there is no evidence of a conflict of

interest, which would require this Court to review Sedgwick's decision to deny Plaintiff benefits with heightened scrutiny. Plaintiff has the burden to produce evidence to show that an actual conflict or breach of fiduciary duty has occurred and heightened scrutiny is appropriate. Atwood v. Newmont Gold Co., Inc., 45 F.3d 1317, 1322-23 (9th Cir. 1995). Plaintiff has not produced any evidence of a conflict, other than the conclusory assertion that a conflict exists because AT&T both funds and is the plan administrator. Hansen, 7 F.3d at 138 (holding that conclusory allegations are insufficient to create a triable issue of fact, precluding summary judgment). Therefore, the Court finds that the traditional abuse of discretion standard is appropriate here, without heightened scrutiny due to a conflict of interest.

Moreover, the Court finds that Defendant did not abuse its discretion in denying Plaintiff long-term disability benefits. The abuse of discretion standard is significantly deferential to the plan administrator's decision. Snow, 87 F.3d at 331. Here, there is sufficient evidence in the Administrative Record that Plaintiff was not unable to perform *any* occupation with reasonable training. Plaintiff regained a limited ability to hear when she received a cochlear implant, and as such, her physician's opinion was that she could not communicate well on a telephone, but could perform any job function that did not require

extensive telephone use. An independent physician also made similar findings, and an AT&T job accommodation specialist identified four different occupations that Plaintiff could perform with her physical limitation. With this information before it, Sedgwick made the determination that Plaintiff had the ability to perform any occupation and was not disabled under the AT&T West Disability Benefits Program. Plaintiff argues that she was in fact unable to perform any occupation based on her physical limitation, age, training, education, and experience. These are conclusory arguments unsupported by any evidence within the Administrative Record.

In addition, Plaintiff argues that the appeals process was conducted improperly due to lax investigations and the fact that she was incorrectly told that she only needed to provide information regarding her inability to perform her own job. There is no evidence that Sedgwick’s investigation was insufficient. On the contrary, there is ample evidence in the Administrative Record to support a finding that Plaintiff was not disabled. Also, Plaintiff’s assertion that she was told that she only needed to provide information related to her inability to perform her own job is likewise insufficient for a finding that the appeals process was conducted improperly. Plaintiff is referring to a conversation that her husband had with an appeals specialist in which the appeals specialist told him that Plaintiff should

provide medical information to support the severity of her symptoms and inability to perform her job duties. (AR 0444). While this may have been confusing, this conversation alone does not prove that the appeals process was defective. Plaintiff was in receipt of the Pacific Telesis Group Comprehensive Disability Benefits Plan, which explicitly states that a beneficiary must be unable to perform *any* occupation in order to receive long-term disability benefits. Therefore, this Court finds that Plaintiff's appeals process was not improperly conducted.

Accordingly, Defendant's Motion for Summary Judgment is hereby **GRANTED** because there is no evidence that Defendant abused its discretion in denying Plaintiff's claim for long-term disability benefits.

**IT IS SO ORDERED.**

DATED: December 2, 2011.

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge